UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 16-1103(DSD/JSM)

Michelle A. Baker,

        Plaintiff,

v.                                                    **ORDER**

CitiMortgage, Inc.,

        Defendant.


    Michelle A. Baker, 16167 Unity Street, NW, Andover, MN 55304, plaintiff pro se.

    Thomas V. Panoff, Esq. and Mayer Brown, LLP 71 South Wacker Drive, Chicago, IL 60606; Cameron A. Lallier, Esq. and Foley & Manfield, PLLP, 250 Marquette Ave., Suite 1200, Minneapolis, MN 55401, counsel for defendant.


    This matter is before the court upon plaintiff Michelle Baker's pro se motion for default judgment and defendant CitiMortgage, Inc.'s motion to dismiss. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion for default judgment and grants the motion to dismiss.


## BACKGROUND

    On March 3, 2010, Baker executed a mortgage to secure a $154,849 loan from CitiMortgage. Compl. ¶ 15. Baker seeks to void the mortgage, alleging: (1) the lending officer did not

have authority to approve the loan; (2) the loan violated state usury laws; (3) CitiMortgage defrauded her in violation of 12 U.S.C. § 24(7); and (4) CitiMortgage inflicted emotional distress. Id. ¶ 4.

Baker filed a complaint in state court on March 29, 2016. CitiMortgage timely removed to this court. Baker now objects to the removal and moves for default judgment, and CitiMortgage moves to dismiss the case.[1]

## DISCUSSION

### I.  Removal

The court finds that removal was proper. A federal court must remand a removed case "if any defect in removal procedure is timely raised or if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 620 (8th Cir. 1997) (citation and internal quotation marks omitted).

Baker does not challenge the court's subject matter

---

[1] At oral argument on August 16, the court ordered CitiMortgage to provide Baker: (1) the payment history of her loan; (2) a payoff quote; and (3) additional time to settle the outstanding loan balance. The court delayed ruling on the instant motions so that the parties could comply. CitiMortgage complied with the court's order [ECF No. 28], but Baker has not paid off the loan [ECF No. 34].

jurisdiction or allege a defect in the removal procedure. Rather, she objects to removal because "the Notice of Removal was completed by a third party debt collector." ECF No. 10. This argument is without merit. The law firm of Foley & Mansfield, not a third party debt collector, removed the case on behalf of CitiMortgage. Removal was therefore proper.

## II.  Default Judgment

Because Baker filed her complaint in state court, the court will consider her motion for default judgment under the Minnesota Rules of Procedure. A court may enter a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend within the time therefor allowed by these rules ...." Minn. R. Civ. P. 55.01. A defendant "shall serve an answer within 20 days after service of the summons upon the defendant." Minn. R. Civ. P. 12.01.

Baker contends that she mailed a "Petition for Declaratory Judgment" to CitiMortgage "on or about April 1, 2016 by USPS certified mail." ECF No. 12 ¶ 1. Because CitiMortgage filed a response to the complaint on April 27, its response would be untimely if it was properly served.

Baker claims that she properly served CitiMortgage by mail. For service by mail, the plaintiff must mail "a copy of the

3

summons and of the complaint ... with two copies of a notice ... and a return envelope, postage prepaid, addressed to the sender." Minn. R. Civ. P. 4.05. It is unclear what forms Baker sent to CitiMortgage or whether the other requirements of the rule were met. Given the lack of documentation, the court is unable to conclude that Baker properly served CitiMortgage.

Even if service was proper, the court would be disinclined to enter a default judgment because it should be a "rare judicial act." Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993)(citation and internal quotation marks omitted). Courts prefer "adjudication on the merits." Belcourt Public School Dist. v. Davis, 786 F.3d 653, 661 (8th Cir. 2015) (citation and internal quotation marks omitted). The court denies Baker's motion for default judgment.

## III.    Motion to Dismiss

### A.   Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A
claim has facial plausibility when the plaintiff [has pleaded]

4

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(b)(6). Fed. R. Civ. P. 12(d). The court may, however, consider matters of public record and materials that are "necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted). Here, the mortgage agreement and promissory note are embraced by the pleadings and properly before the court.

Further, pro se filings are "to be liberally construed, and ... however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erikson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). The court will not dismiss a pro se complaint

simply because the "allegations do not support the particular legal theory [s]he advances." Topchian v. JPMorgan Chase Bank, 760 F.3d 843, 848-49 (8th Cir. 2014) (citation and internal quotation marks omitted).   Rather, the court will "examine the complaint to determine if the allegations provide for relief on any possible theory." Id. at 849.   The court, however, will not "assume facts that are not alleged." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

**B.   "Vapor Money" Theory**

Baker relies on what some courts have called the "vapor money" theory.   Baker argues that CitiMortgage provided her a loan that was based on the bank's "credit" instead of its assets.   Baker argues CitiMortgage, in issuing "credit" instead of tangible currency, did not provide valuable consideration for the loan.

There is no legal authority that supports the "vapor money" theory.   Indeed, it "has been repeatedly rejected as frivolous by courts across the country." Singleton v. Wells Fargo Home Mortg., No. 12-0230, 2012 WL 1657345, at *4 (W.D. Mo. May 9, 2012). See also, Stewart v. TCF Nat'l Bank, No. 12-2835, 2013 WL 1314458, at *2-3 (D. Minn. Mar. 1, 2013); Thomas v. Countrywide Home Loans, No. 9-CV-82, 2010 WL 1328644, at *2 (N.D. Ga. Mar. 29, 2010); Andrews v. Select Portfolio Servicing,

6

<u>Inc.</u>, No. RDB-09-2437, 2010 WL 1176667, at *3 (D. Md. Mar. 24, 2010); <u>Kuder v. Wash. Mut. Bank</u>, No. S-08-3087, 2009 WL 2868730, at *3 (E.D. Cal. Sep. 2, 2009).  As a result, Baker's claims that rely on the "vapor money" theory are dismissed.

### C.   Ultra Vires Contract

Baker alleges that the mortgage is ultra vires because the lending officer did not have authority to execute the loan.  A contract entered into by a corporation is void when it is outside its purpose as stated in the incorporating document. <u>Anglo-Am. Land, Mortg. & Agency Co. v. Lombard</u>, 132 F. 721, 737 (8th Cir. 1904).

Baker has not alleged any facts indicating that the loan officer acted without authority or that CitiMortgage did not have authority under its charter to enter into the mortgage agreement.  As a result, the court dismisses the claim.

### D.   Violation of Usury Laws

Baker alleges that CitiMortgage violated usury laws in charging interest on money that was never loaned to her.  This claim relies on the frivolous theory that CitiMortgage did not provide valuable consideration for the loan.

Further, Baker has failed to allege any facts that would support a plausible claim of usury under a state or federal statute.  A usury claim under Minnesota law, for example,

requires the plaintiff to allege facts showing that there was:
(1) a loan of money or a forbearance of debt; (2) an agreement
that the principal shall be repayable absolutely; (3) an
exaction of a greater amount of interest or profit than is
allowed by law; and (4) an intention to evade the law at the
inception of the transaction. Trapp v. Hancuh, 530 N.W.2d 879,
885 (Minn. Ct. App. 1995). Baker has not alleged facts
sufficient to establish such a claim. Nor is there any
indication that the loan was predatory or that the terms of the
mortgage were unconscionable. As a result, the court dismisses
the claim.

### E.    Fraud and Violation of 12 U.S.C. § 24(7)

Baker alleges CitiMortgage defrauded her in violation of 12
U.S.C. § 24(7). Section 24(7), however, does not provide a
cause of action for fraud, but only sets forth the scope of the
corporate powers of a banking association. Because Baker's
allegations of fraud and § 24(7) are unrelated, the court will
treat them as separate claims.

Section 24(7) states the powers that can be exercised by the
board of directors of a banking association, and is therefore
relevant only for establishing an ultra vires claim. Because
Baker does not allege any facts indicating CitiMortgage's
actions were outside its corporate powers under § 24(7), the

court dismisses the claim.

A fraud claim under Minnesota law requires a plaintiff to allege facts showing that (1) there was a false representation of a past or existing material fact by the defendant; (2) the defendant made the statement with knowing that it was false or without knowing it was true or false; (3) the defendant intended to induce the action in reliance on the statement; (4) the plaintiff relied on the statement; and (5) the plaintiff suffered pecuniary damages because of the reliance on the statement. U.S. Bank N.A. v. Cold Spring Granite Co., 802 N.W.2d 363, 373 (Minn. 2011). Baker fails to allege facts supporting any of the above elements; therefore, the court dismisses the fraud claim.

**F.   Emotional Distress**

Baker alleges that she suffered emotional distress as a result of CitiMortgage's actions. Baker fails to plead sufficient facts supporting a plausible claim under a theory of either intentional or negligent infliction of emotional distress.

To properly claim intentional infliction of emotional distress, the plaintiff must plead facts showing that (1) the defendant engaged in conduct that was extreme and outrageous; (2) the defendant intentionally or recklessly engaged in the

conduct; (3) the conduct caused emotional distress; and (4) the distress was severe.  <u>Hubbard v. United Press Int'l, Inc.</u>, 330 N.W.2d 428, 438-39 (Minn. 1983).  Baker has not pleaded any such facts.

Neither has Baker pleaded facts supporting a claim for negligent infliction of emotional distress.  She has not alleged facts showing CitiMortgage breached a duty owed to her or that she "suffered emotional distress with attendant physical manifestations."  <u>Engler v. Ill. Farmers Ins. Co.</u>, 706 N.W.2d 764, 767 (Minn. 2005) (citation omitted).  As a result, Baker's emotional distress claim is dismissed.


## CONCLUSION

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for default judgment [ECF No. 12] is denied;

2. Defendant's motion to dismiss [ECF No. 14] is granted; and

      3. The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: September 7, 2016


                                  s/David S. Doty
                                  David S. Doty, Judge
                                  United States District Court